**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

POWELL BROTHERS, INC.                                                                    PLAINTIFF/
                                                                                         COUNTER-DEFENDANT

V.                                    CASE NO. 4:22-cv-00719-ERE

XPO LOGISTICS FREIGHT, INC.                                                              DEFENDANT/
                                                                                         COUNTER-PLAINTIFF

**AGREED PROTECTIVE ORDER**

Now comes the plaintiff/counter-defendant, Powell Brothers, Inc., and the defendant/counter-plaintiff, XPO Logistics Freight, Inc., and submit their agreed protective order to the Court pursuant to Rule 26 of the Federal Rules of Civil Procedure, and state to the Court that they have agreed to this protective order to govern the production and disclosure of certain documents and other information in this action by and between the parties to this action, as well as any third parties/non-parties who may invoke its provisions over the course of this matter (hereinafter, collectively "parties"):

1. In discovery in this action, the parties and third parties/non-parties may designate any document, thing, material, testimony, or other information as "Confidential" under the terms of this Order. Confidential information includes, but is not necessarily limited to, non-public business and financial records. The parties and third parties/non-parties have a right to privacy in the matters contained in their non-public records. The documentation which is the subject of this Order has been and is now being maintained by the producer as confidential. Confidential documents shall be so designated by

stamping copies of the pages of documents containing confidential information with the word "CONFIDENTIAL."

2. Testimony taken at a deposition, conference, hearing, or trial may be designated as confidential by stating such on the record at the deposition or other proceeding or by a written designation within seven (7) days of receiving the transcript of the proceeding. Until the seven-day designation period expires, the entire deposition transcript shall be treated as confidential.

3. Material designated as confidential under this Order, and any summaries, copies, abstracts, or other documents derived in whole or part from material designated as confidential ("Confidential Material") shall be used only for the purpose of prosecution, defense, or settlement of this action.

4. The inadvertent production or disclosure of any information, document, transcript, or other thing without a confidentiality designation shall not in and of itself be deemed a waiver of the party's or third party's claim of confidentiality as to such material, nor shall an inadvertent production or disclosure of any document or communication subject to an attorney/client, work product, or other privilege be deemed a waiver of any privilege if the party or third party entitled to assert such privilege promptly notifies the party to whom disclosure or production was made that this was inadvertent and that the privilege is not waived. The party or third party may "snap back" any privileged document that has been inadvertently produced, by writing a letter requesting that the document be returned. The party receiving a "snap back" letter shall return the original and all copies of the privileged document, make no use of the information, even if the party disputes the

underlying privilege claimed. The party's return of an allegedly privileged document does not preclude its right to seek a judicial determination of the merits of that privilege claim.

 5. Confidential material produced pursuant to this Order may be disclosed or made available only to the Court (under seal), court personnel (under seal), counsel of record for the parties (including counsel's paralegal, clerical, and secretarial staff), and the "qualified persons" designated below:

  a. a named party;

  b. experts or consultants (together with their clerical staff) retained by counsel;

  c. court reporter(s) employed in this action;

  d. any person whose testimony is taken in this action whom counsel in good faith believes has prior familiarity with the confidential information about to be disclosed;

  e. any person specifically referenced as an author, sender, addressee, or other recipient in a document about to be disclosed whom counsel in good faith believes may have knowledge of relevant facts or of facts that may lead to the discovery of admissible evidence; and any other person agreed upon by the parties, in writing.

When disclosing Confidential material to any qualified persons listed above, the parties shall provide them with a copy of this Order, ask them to sign the Order, and obtain their agreement to treat the disclosed material as confidential and to abide by this Order. Confidential Material may not be disclosed to third parties/non-parties to this action other than as set forth above.

6. No restriction shall be imposed on the parties' use or disclosure of material obtained by them independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing their own Confidential material as they deem appropriate.

7. If Confidential material is included in any papers to be filed in Court, the party or third party filing such confidential information shall, in accordance with the "CM/ECF Administrative Policies and Procedures Manual for Civil Filings" (https://www.are.uscourts.gov/sites/are/files/cvmanual.pdf) request to seal the document or material by motion, accompanied by a proposed order. These sealed documents shall be filed manually on paper with the Clerk's office rather than electronically. If a document accompanies the motion to seal, it shall be submitted to the Clerk's office in the format listed in the "Documents To Be Filed Under Seal" section of the "CM/ECF Administrative Policies and Procedures Manual for Civil Filings" (*see* URL provided above).

8. The disclosure of Confidential material pursuant to discovery or to the procedures set forth in this Order, or any use of Confidential material in a court proceeding in this action, shall not constitute a waiver of any privacy rights or of any proprietary or other rights to or in such material, nor shall such material lose its confidential status by such use or disclosure.

9. Nothing in this Order shall affect the admissibility into evidence of Confidential material. However, nothing herein shall preclude a party or third party/non-party from seeking confidential treatment from the Court with respect to the use or disclosure of Confidential material in court proceedings, or from raising any available

objection, including without limitation objections concerning admissibility, materiality, and privilege.

10. If a dispute arises between the parties or third parties regarding a confidentiality designation, those having a dispute shall make a good faith effort to resolve the dispute in person without intervention of the Court. If that effort is unsuccessful, those having a dispute shall file a joint report explaining the disagreement. This document will be filed under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report shall not exceed ten pages, excluding the style and signature block, with each side entitled to five pages and otherwise in accordance with the Court's Scheduling Order provision titled "Discovery Disputes." The material in question shall be treated as Confidential under the terms of this Order until such time as such motion can be heard and determined by the Court. No party or third party/non-party shall be obliged to dispute the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such a designation.

11. The Order shall be without prejudice to the rights of the parties and third parties/non-parties to:

    a. present a motion to the Court for a separate protective order as to any particular documents or information, including restrictions differing from those as specified herein;

    b. present a motion to the court for modification of this Order, or

    c. to seek judicial review, or pursue other judicial action, with respect to any ruling made by the Court concerning the status of any designated Confidential Material.

12. If the parties in this action inadvertently disclose Confidential material, the disclosing party shall promptly notify the other named parties (and third party/non-party as may be applicable) of the disclosure of the material.

13. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by the parties to the agreement, or to have the effect of altering any existing obligation of any named party (or the absence thereof), or to have the effect of altering the confidentiality or non-confidentiality of any such document or information.

14. This Order shall remain in effect for one year following the final termination of this action to the extent that the information contained in any Confidential material is not or does not become known to the public. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder and to enforce the terms of this Order, including the power to issue injunctions prohibiting disclosure of the information except pursuant to the terms of this Order. Upon termination of this case, counsel for the respective parties shall assemble and retain under their respective retention and destruction procedures all documents, materials, and deposition transcripts designated as confidential and all copies of same or shall certify the destruction thereof.

**IT IS SO ORDERED** this 3rd day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

AGREED AND APPROVED BY:

John Keeling Baker
Mitchell, Williams, Selig, Gates & Woodyard
425 West Capitol Ave., Suite 1800
Little Rock, AR 72201

Marshall S. Ney
Kael K. Bowling
Friday, Eldredge & Clark, LLP
3350 S. Pinnacle Hills Pkwy., Suite 301,
Rogers, AR 72758

Michael P. Vanderford
Amelia F. Botteicher
Anderson, Murphy & Hopkins, L.L.P.
101 River Bluff Drive, Suite A
Little Rock, AR 72202